**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEW HORIZON MEDICAL SOLUTIONS LLC,<br><br>Plaintiff<br><br>v.<br><br>INNOVATIVE WOUND HEALING & DERMATOLOGY PLLC,<br><br>Defendant | Case No.: 2:26-cv-00624-APG-MDC<br><br>**Order Granting in Part Motion to Dismiss**<br><br>[ECF No. 6] |

New Horizon Medical Solutions LLC sues Innovative Wound Healing & Dermatology PLLC for breach of contract and related claims, alleging that Innovative Wound failed to pay for approximately $2.8 million in products that New Horizon timely invoiced and delivered. Innovative Wound moves to dismiss the suit, contending that the operative Net Terms Cellular Tissue Product Agreement (Agreement) provides that payment becomes due only after Innovative Wound receives reimbursement from the federal payor and New Horizon has not alleged that Innovative Wound received reimbursement from a federal payor. ECF No. 6 at 7, 10. Innovative Wound therefore reasons that the related claims depending on the same pleaded facts fail, among other reasons.

I deny Innovative Wound's motion to dismiss the breach of contract claim (Count I) but grant in part dismissal of the breach of the implied covenant of good faith and fair dealing claim (Count II). I dismiss the unjust enrichment (Count III) and declaratory relief (Count IV) claims because they are duplicative of the breach of contract claim.

/ / / /

/ / / /

## I. LEGAL STANDARD

I apply a two-step approach when evaluating a motion to dismiss. First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Id.* at 679. Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow me to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires [me] to draw on [my] judicial experience and common sense." *Id.* at 679.

## II. THE AGREEMENT

I generally "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002) (quotation omitted). I may, however, "consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011) (simplified). The parties do not dispute that the Agreement attached to Innovative Wound's motion to dismiss is the operative contract. ECF No. 6-1 at 2–22. As all New Horizon's claims relate to this Agreement, I consider it when ruling on the motion to dismiss.

Under the Agreement, "[Innovative Wound] agrees to remit payment to [New Horizon] for the invoiced amount based on the selected net payment terms." ECF No. 6-1 at 4. The Agreement further indicates that the parties agreed to the "Net-60" payment arrangement whereby "[p]ayment [is] due within sixty (60) days from the date of the invoice." *Id.*

The parties agree that "Exhibit A" is incorporated in the Agreement. As relevant here, Exhibit A states:

> In the event that reimbursement is denied by the federal payor, [New Horizon] agrees to cover the full cost of the Products, provided that [Innovative Wound] has complied with all applicable contractual and regulatory requirements for obtaining pre-authorization, submitting appeals, and adhering to billing procedures, as stipulated by our Federal Payor Refund Program and Policy included within. This reimbursement obligation is contingent upon [Innovative Wound]'s fulfillment of all obligations related to the submission of timely and accurate claims, appeals, and supporting documentation as required under the relevant federal payor policies. Any failure to comply with such policies or deadlines may void [New Horizon's] reimbursement commitment, if applicable.

*Id.* at 13 (Reimbursement Provision). The "Federal Payor Refund Program and Policy" referenced in Exhibit A is included in the Agreement and provides that "[Innovative Wound] may request a refund by . . . [s]ubmit[ting] a written request detailing the reason for the refund and any supporting documentation," and submitting "written proof from the Federal Payor that a claim for reimbursement was denied in full, and that decision was appealed and upheld." ECF No. 6-1 at 15 (simplified). Under the Agreement, "[r]efunds will be issued via the original payment method, unless otherwise agreed upon." *Id.* at 16.

New Horizon alleges that between December 2024 and March 2025, Innovative Wound purchased $2,800,000 in products. ECF No. 1-1 at 3. New Horizon alleges that it timely delivered and invoiced Innovative Wound for those products, but Innovative Wound did not pay the invoices. *Id.* In December 2025, New Horizon sent a demand letter to Innovative Wound

stating that payment of about $2.8 million for purchased products remained outstanding and that under “the Agreement, payment is due within [14] days of your receipt of reimbursement from the applicable Federal Payor for the related patient claim.”[1] ECF No. 6-2 at 2. Innovative Wound did not pay, so New Horizon filed this lawsuit.

## III. ANALYSIS

### A. I deny the motion to dismiss the breach of contract claim because reimbursement from the federal payor is not a condition precedent to Innovative Wound’s obligation to pay.

Innovative Wound argues that I should dismiss the breach of contract claim because the Agreement contains an “express requirement that payment becomes due only after [it] receives reimbursement from the applicable federal payor.” ECF No. 6 at 7 (emphasis omitted). Innovative Wound also argues that “under a holistic reading of the Agreement, payment is contingent on reimbursement [from a federal payor].” ECF No. 9 at 2 (simplified). Innovative Wound reasons that because New Horizon has not alleged that Innovative Wound was reimbursed by a federal payor, the condition precedent for payment has not been met, so the breach of contract claim fails.

Innovative Wound points to the following provisions of the Agreement for support. First, the pricing of the products may be adjusted to “reflect changes communicated by the federal payor.” ECF No. 6-1 at 4. Second, Innovative Wound contends that the Reimbursement Provision of Exhibit A identifies what it must do to be reimbursed and only after it has completed those steps and the federal payor has denied reimbursement does the Agreement shift

[1] The parties agree that the Agreement does not contain a 14-day deadline for payment. ECF Nos. 8 at 4; 9 at 6.

the product cost to New Horizon. Third, Innovative Wound contends that Exhibit A and the Federal Payor Refund Program and Policy show that the Agreement is designed to operate within the federal payor reimbursement framework. And, finally, it points to the demand letter as reflecting this same understanding that federal payor reimbursement is a condition precedent to Innovative Wound's duty to pay.

New Horizon responds that the Agreement is devoid of a provision stating that Innovative Wound does not owe payment until after the federal payor reimburses it. Rather, New Horizon argues the Agreement indicates Innovative Wound is required to pay within 60 days of receipt of an invoice. New Horizon explains that Exhibit A to the Agreement provides that if Innovative Would complied with the contractual requirements to seek federal payor reimbursement but the federal payor denies reimbursement, then New Horizon will cover the products' full cost. New Horizon points to the Federal Payor Refund Program and Policy that states that "New Horizon would issue approved refunds to Innovative Wound via the original payment method" to show that Innovative Wound had to pay first and potentially be reimbursed later via the original payment method. ECF No. 6-1 at 16. New Horizon finally observes that the Agreement uses the terms "reimbursement" and "refund," both of which denote that a money exchange has already taken place because there would be "nothing for New Horizon to reimburse/refund" otherwise. ECF No. 8 at 6. New Horizon acknowledges the inconsistency between the demand letter and its interpretation of the Agreement. But it argues that the error in this letter cannot alter the parties' obligations because the Agreement precludes amendment unless it is in writing signed by all parties, which the demand letter is not.

A breach of contract claim requires a plaintiff to plead "(1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant;

and (4) damages." *Laguerre v. Nevada Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987)). The only issue raised in the present motion is whether New Horizon has plausibly alleged that Innovative Wound materially breached the Agreement by not timely paying for the invoiced products. Innovative Wound does not contest that New Horizon has plausibly alleged that the Agreement is valid, that New Horizon timely invoiced and delivered products, and that Innovative Wound has not yet paid for those products.

Innovative Wound has not met its initial burden as the moving party to show that reimbursement by a federal payor is a condition precedent that triggers its payment obligation under the Agreement.[2] Under Nevada law, I "interpret unambiguous contracts according to the plain language of their written terms" and "look to an agreement's terms to determine what events constitute a default." *Fed. Nat'l Mortg. Ass'n v. Westland Liberty Vill.*, LLC, 515 P.3d 329, 334 (Nev. 2022) (en banc). Here, Innovative Wound cannot point to an express provision memorializing its alleged condition precedent because no such provision exists. Exhibit A and the Federal Payor Refund Program and Policy do not support Innovative Wound's position. Rather, both provisions reflect that New Horizon agreed to absorb Innovative Wound's financial loss if a federal payor refused to reimburse Innovative Wound for administration of New Horizon products to patients, so long as Innovative Wound exhausted the applicable administrative appeals process. The operative payment provision denoting what condition

---

[2] *See Sintigo v. Pompeo*, No. 2:19-cv-00465-APG-VCF, 2020 WL 14053449, at *3 (D. Nev. July 20, 2020); *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (holding that on a Federal Rule of Civil Procedure 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented"); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) (holding that "on a 12(b)(6) motion, the moving party bears the burden of demonstrating that the plaintiff failed to state a claim").

triggers Innovative Wound's payment obligation states payment is due 60 days from the invoice date. No other provision in the Agreement disrupts this 60-day deadline for payment. The Agreement's provision about refunds supports the overall contract language and structure that Innovative Wound had to pay first and potentially be reimbursed later.

The demand letter, stating "payment is due within fourteen (14) days of [Innovative Wound's] receipt of reimbursement from the applicable Federal Payor for the related patient claim," could be viewed as supporting Innovative Wound's position. ECF No. 6-2 at 2. But the Agreement prohibits either party from modifying it without following the agreed-upon mechanism for amendment: "[n]o amendment, modification, addendum, or revision to this Agreement shall be valid, unless it is in writing and signed by all of the Parties to this Agreement." ECF No. 6-1 at 11. The demand letter therefore cannot change Innovative Wound's payment obligations under the Agreement. New Horizon has plausibly alleged a breach of contract claim, so I deny the motion to dismiss Count I.

**B. I grant in part the motion to dismiss the breach of the implied covenant of good faith and fair dealing claim.**

Innovative Wound moves to dismiss the implied covenant of good faith and fair dealing claim by again arguing that it does not have to pay until federal reimbursement has been received and there is no breach of the implied covenant when the contract allows the challenged conduct. Innovative Wound's motion to dismiss Count II on these grounds fails for the same reasons I discuss above. The Agreement's plain language does not support Innovative Wound's interpretation of its payment obligations.[3]

[3] In its reply, Innovative Wound argues that the implied covenant claim is duplicative. ECF No. 9 at 7. I decline to consider this argument, raised for the first time in a reply brief. *See Zamani v.*

Innovative Wound further contends that New Horizon's allegation that it "actively concealed its inability or unwillingness to pay" is conclusory. ECF No. 1-1 at 3. New Horizon responds that it is not required to allege facts with the same level of specificity as required for fraud to support this claim. I dismiss this portion of the implied covenant claim. New Horizon has not pleaded any facts to establish its plausibility. Intent may be pleaded generally. Fed. R. Civ. P. 9(b). However, New Horizon alleged that Innovative Wound never intended to fulfill its part of the bargained for exchange, which is functionally a claim the defendant entered into the Agreement fraudulently. *See Las Vegas Sands, Inc. v. Suen*, No. 53163, 367 P.3d 792, 2010 WL 4673567, at *8 (Nev. 2010) (explaining that "[f]or a promissory fraud claim, the plaintiff must prove five elements by clear and convincing evidence: (1) the defendant made a false representation, (2) the defendant knew or believed that the representation was false, (3) the defendant intended to induce the plaintiff to act or to refrain from acting in reliance on the misrepresentation, (4) the plaintiff justifiably relied on the misrepresentation, and (5) the plaintiff suffered damages from the reliance."); *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992) (the same). Because it is not clear that amendment would be futile, I grant leave to amend.[4] I therefore grant in part Innovative Wound's motion to dismiss Count II.

**C. The unjust enrichment and declaratory relief claims are duplicative.**

Innovative Wound contends that the unjust enrichment claim fails because the parties entered into the Agreement. New Horizon concedes "that an action based on a theory of unjust

---

*Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

[4] I must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). I apply this policy "with extreme liberality," but I may deny amendment if it would be futile. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (quotation omitted).

enrichment is not available when there is an express, written contract" and is willing to "stipulate to dismiss its unjust enrichment claim." ECF No. 8 at 10. Because the parties agree the Agreement is valid and controlling, I dismiss Count III.

Innovative Wound also argues that New Horizon's request for declaratory relief is duplicative of the breach of contract claim. In its response, New Horizon does not explain why this claim is not duplicative. "Declaratory relief claims that are duplicative of a plaintiff's other claims are subject to dismissal." *Ballesteros v. Garrison Prop. & Cas. Ins. Co.*, No. 2:23-cv-0135-GMN-DJA, 2023 WL 3169864, at *3 (D. Nev. Apr. 27, 2023) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007)). I therefore dismiss Count IV.

## IV. CONCLUSION

I THEREFORE ORDER that defendant Innovative Wound Healing & Dermatology PLLC's motion to dismiss (ECF No. 6) is **GRANTED in part** as set forth in this order.

DATED this 2nd day of November, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE